UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
PEARSON EDUCATION, INC. et al.,                                         :
                                                                        :
                                    Plaintiffs,                         :      11 Civ. 5052 (PAE)
                                                                        :
                  -v-                                                   :      OPINION & ORDER
                                                                        :
LAZAR ISHAYEV, *d/b/a* Solutions Direct *d/b/a*                         :
Solutions4Less *d/b/a* TextbookAnswers *d/b/a*                          :
SolutionManuals-Testbanks.com,                                          :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In an Opinion & Order issued on March 24, 2014, the Court granted summary judgment to plaintiffs Pearson Education, Inc. ("Pearson"), John Wiley & Sons, Inc. ("Wiley"), Cengage Learning, Inc. ("Cengage"), and McGraw-Hill Global Education Holdings, LLC ("McGraw-Hill") (collectively, the "publishers"), as to three claims of copyright infringement—direct infringement as to Intermediate Accounting (TX 7-044-357) and to the Solutions Manual to Accompany Principles of Corporate Finance (TX 5-698-593), and contributory infringement as to Financial Accounting (TX 7-303-554). *See* Dkt. 99 ("March 24 Opinion"). The Court denied the publishers' motion for summary judgment as to 15 other claims of copyright infringement, as well as their request for a preliminary injunction. *Id.* The parties were directed to meet and confer and to "submit to the Court by April 11, 2014, a joint letter setting out, in detail, their respective views on how, or whether, they wish to proceed forward in this litigation." *Id.* at 22.

On April 11, 2014, the publishers submitted a letter to the Court, stating that they had made efforts to meet and confer with the *pro se* defendant, Lazar Ishayev ("Ishayev"), but that

these efforts had not been successful.  Dkt. 100.  The publishers thus requested leave to file a motion for statutory damages, pursuant to 17 U.S.C. § 504, on the three copyrights for which the Court granted the publishers' summary judgment on liability; and, assuming that motion was granted, to then move to dismiss the copyright claims for the remaining 15 works.  *Id.*  In an order dated April 14, 2014, the Court granted the publishers' request to submit such a motion.  Dkt. 101.  That Order was served on Ishayev by e-mail and certified mail.  Dkt. 102, 103.

On April 28, 2014, the publishers submitted their motion for statutory damages, Dkt. 104, an accompanying memorandum of law, Dkt. 105 ("Pl. Br."), and a Local Rule 56.1 Statement, Dkt. 106 ("Pl. 56.1").  The publishers also submitted notice of their motion to Ishayev.  Dkt. 107.  Pursuant to the Court's April 14, 2014 Order, Ishayev's response was due May 12, 2014.  No response was filed.

The publishers' motion is granted in its entirety.

A copyright owner is entitled to recover statutory damages, so long as its copyright was registered before the work was infringed.  *See* 17 U.S.C. § 412 ("no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration").  In its March 24 Opinion, the Court made the following findings:

1) Wiley registered its copyright to Intermediate Accounting (TX 7-044-357) on September 10, 2009.  March 24 Opinion at 5.  Ishayev infringed that copyright on September 22, 2010.  *Id.* at 11.

2) Wiley registered its copyright to Financial Accounting (TX 7-303-554) on November 24, 2010.  *Id.* at 5.  Ishayev infringed that copyright on October 13, 2011.  *Id.* at 17.

3) McGraw-Hill registered its copyright to Solutions Manual to Accompany Principles of Corporate Finance (TX 5-698-593) on March 11, 2003.  *Id.* at 5.  Ishayev infringed that copyright on June 30, 2011.  *Id.* at 13.

Because these three copyrights were registered before Ishayev infringed on each of the works at issue, the publishers have established their eligibility for statutory damages. The amount of such damages is provided for in the statute.

> Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).

Here, Wiley seeks $750 for each of the two works infringed by Ishayev, for a total of $1,500. P. Br. at 4. McGraw-Hill seeks $750 for one work infringed by Ishayev. *Id*. Because the Court, in its March 24 Opinion, concluded that Ishayev infringed upon these three works, and because an award of $750 per work infringed is justified under the circumstances, the Court grants the publishers' request for statutory damages.[1] Ishayev is directed to pay statutory damages in the amount of $1,500 to Wiley and $750 to McGraw-Hill.

Finally, the publishers request that the Court dismiss the 15 remaining infringement claims with prejudice, with "each side bearing its own costs and fees." Pl. Br. at 7. Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, voluntary dismissals may be granted if

---

[1] In their brief, the publishers assert, preemptively, that Ishayev was not an "innocent infringer." Pl. Br. 4–7. An innocent infringer is one who "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). If the Court were to conclude that Ishayev was an innocent infringer, then it could, "in its discretion," reduce the award of statutory damages to $200. *Id.* However, because the publishers here seek $750 per act of infringement, and because the Court, in exercising its discretion, believes that such an award is justified under the circumstances, the Court need not reach whether Ishayev's infringement was or was not innocent. If, however, the Court decided to reach that issue, there would be more than enough evidence in the record—which is discussed in detail in the Court's March 24 Opinion—to conclude that Ishayev's infringement of these three works was not innocent, but rather, knowing and intentional.

prejudice will not result against the other party. *See Securities and Exch. Comm'n v. American Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990); *Massengill v. Waltz*, No. 94 Civ. 3171 (DAB), 1996 WL 419907 (S.D.N.Y. July 26, 1996). Here, the dismissal of the publishers' 15 claims of infringement *with prejudice* will benefit, not harm, Ishayev, because he will no longer face the prospect of another lawsuit on these 15 claims. Accordingly, the Court grants the publishers' request to dismiss, with prejudice, their remaining 15 copyright infringement claims.

The Clerk of Court is directed to terminate the motion pending at docket number 104 and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: May 22, 2014
  New York, New York